## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROLAND MILLER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-1963** |
| **BURL CAIN, WARDEN** | * | **SECTION: "B"(6)** |

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE**.

## **Procedural History**

Petitioner Roland Miller was originally indicted for first degree murder.[1]  On October 20, 1993, after trial by jury, petitioner was found guilty of second degree murder.[2]  On October 27, 1993, petitioner was sentenced to serve life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.[3]  Petitioner filed a direct appeal of his conviction in the Louisiana Court of Appeal, Fourth Circuit on January 12, 1995,[4] under writ number 94-KA-1173.  The appeal was affirmed on June 7, 1995.[5]  The last page of the opinion is stamped "rehearing not applied for" and "writs not applied for."[6]  Moreover, the Deputy Clerk of Court, Supreme Court of Louisiana verified that no pleadings had been filed by petitioner Roland Miller in the Louisiana Supreme Court related to the Louisiana Fourth Circuit No. 94-KA-1173 or 98-K-2299.[7]  Under state law, petitioner had

---

[1]See State Record, Vol. 1, for copy of indictment.

[2]See State Record, Vol. 1, for copy of minute entry dated October 20, 1993.

[3]**Ibid.,** for copy of minute entry dated October 27, 1993.

[4]See State Record, Vol. 2, for copy of appellate brief.

[5]**State v. Roland Williams,** 657 So. 2d 569 (94-KA-1173)(La. App. 4th Cir. June 7, 1995).

[6]See State Record, Vol. 2, for copy of opinion, at page 6. (94-KA-1173)

[7]See State Record, Vol. 4 (last page) for copy of verification dated October 23, 2006.

thirty days from June 7, 1995, to seek review with the Louisiana Supreme Court.[8] Additionally, under the provisions of La. C.Cr.P. art 922, petitioner's conviction and sentence became final fourteen days later on June 21, 1995, when the delay for applying for rehearing expired.[9]

Petitioner filed his first application for post-conviction relief[10] (PCR) in Orleans Criminal District Court on February 20, 1997, the date he signed and delivered the PCR for mailing.[11] The district judge denied relief on August 28, 1998.[12] Petitioner applied for supervisory writs of review in the Louisiana Fourth Circuit on September 23, 1998.[13]The

---

[8] Louisiana Supreme Court Rule X, Section 5(a) provides, in pertinent part:

An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief of an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

[9] La.C.Cr.P. art. 922 provides, in pertinent part, as follows:

A.  Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....

B.  A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

[10] See State Record, Vol. 3 for a copy of the PCR.  Petitioner sought relief on four claims of ineffective assistance of counsel.

[11] See **State v. Causey,** 450 F.3d 601 (5th Cir. 2006) (State court pleading filed by pro se petitioner deemed filed when it is delivered to prison authorities for forwarding to the district court.)

[12] See State Record, Vol. 3 for a copy of the Judgment.

[13] **Ibid,** for copy of the Supervisory/Remedial writ of review.

writ application was denied on November 13, 1998.[14]  Petitioner did not file for review of the decision with the Louisiana Supreme Court.[15]

Petitioner filed his second application for PCR and a motion in arrest of judgment in the trial court on December 18, 2003, the date he signed and gave these pleadings to the prison authorities for mailing.[16]   The issue presented was whether petitioner's conviction and sentence are unconstitutional because the indictment was deficient, as it was founded on provisions of law that were declared unconstitutional by the Louisiana Supreme Court in **State v. Dilosa,** 848 So.2d 546 (La. June 27, 2003).  The state trial court denied the PCR on January 9, 2004.[17]  Petitioner filed for supervisory writ review in the Louisiana Fourth Circuit on February 6, 2004, under No. 2004-K-0219.[18]  On March 30, 2004, the Louisiana Fourth Circuit granted the writ but denied relief as follows:

> "The claims in relator's application for post-conviction relief and motion in arrest of judgment have been reviewed.  Relator has failed to show that relief should be granted.  There is no error in the district court's January 9, 2004, judgment denying relator's application for post-conviction relief."

---

[14]**Ibid**, copy of ruling, **State v. Miller,** No. 98-K-2299 (La. App. 4th Cir. Nov. 13, 1998). The court said, "We find no error in the judgment of the trial court."

[15]See Footnote No. 7, of this report.

[16]See State Record, Vol. 3 for copy of PCR.

[17]**Ibid,** for copy of Judgment denying PCR.

[18]See State Record, Vol. 3, for copy of Supervisory Writ of Review, No. 2004-K-0219.

**State v. Roland Miller,** No. 2004-K-0219 (La. App. 4th Cir. March 30, 2004)(See State Record, Volume 3 for a copy of the ruling).

On May 26, 2004, petitioner stamp filed a Writ of Certiorari in the Louisiana Supreme Court under No. 04-KH-1244.[19]  The writ was denied on April 1, 2005.[20]

Petitioner filed the subject federal application for habeas corpus relief on May 23, 2005, the day he signed his application.[21]  The issue presented by petitioner is that his conviction was obtained as a result of action of a grand jury which was unconstitutionally selected and impaneled.  Specifically, petitioner argues that his indictment and conviction are unlawful because the Louisiana Supreme Court declared the statutes governing the issuance of his indictment unconstitutional in **State v. Dilosa,** 848 So.2d 546 (La. 2003).

---

[19]See State Record, Vol. 4 for a copy of the writ of certiorari.  Review of the record shows that petitioner failed to write the date when he signed the writ.  Moreover, the face of the writ bears this notation, "No Postage Mark."

[20]See State Record, Vol. 4.  **State ex rel. Roland Miller v. State of Louisiana,**  897 So.2d 595, (No. 2004-KH-1244) (La. April 1, 2005).

[21]*See* Federal Rec., Doc. #1.  This May 23, 2005, filing date was ascertained via the Court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition, is presumed to be the date he delivered it to prison officials for mailing.  *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

The State did not contest whether petitioner had exhausted his issue in the highest state court. This Court's review of the record shows that the issue has been exhausted.  Title 28, United States Code, Section 2454 (b)(1)-(3); **Rose v. Lundy,** 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  However, the State argues that petitioner's application was untimely filed;  that his allegation fails to raise a claim sufficient to entitle him to habeas corpus relief;  and, as such the application for federal habeas corpus relief should be dismissed with prejudice.  Particularly, the State maintains that petitioner's May 23, 2005, federal filing was made over eight years after the statute of limitations elapsed, and nearly ten years after his conviction became final.  As such, the State argues that the petition should be dismissed.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to Title 28, United States Code, Section 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[22]  *See* Title 28, United States Code, Section 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's judgment became final on June 21, 1995, when the 14-day deadline for seeking rehearing expired, and

---

[22]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  **Lindh v. Murphy,** 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

his time for seeking review ended on June 21, 1995, when his 30-day time limit for seeking

relief from the Louisiana Supreme Court expired.  Petitioners whose convictions were final

prior to the enactment of the AEDPA were provided a one year grace period to file their

federal habeas petitions.  The U.S. Fifth Circuit held in **Flanagan v. Johnson,** 154 F.3d 196,

201-02 (5th Cir. 1998) that prisoners such as Miller must be given a one-year grace period,

from April 24, 1996, until April 24, 1997, during which to file a federal post conviction

habeas challenge.  **Id.** at 201-02.  See also, **Felder v. Johnson,** 204 F.3d 168, 169 (5th Cir.

2000).  Under the general rule set forth in Title 28, United States Code, Section 2244(d)(1),

therefore, Miller's federal limitations period would have commenced running on April 24,

1996, and he would have had until April 24, 1997, to file either his federal habeas petition

or a "properly filed state post-conviction application" sufficient to toll the limitations

period.[23]

Miller filed a state post-conviction relief application on February 20, 1997,

thereby allowing 301 days to lapse from his one year grace period (April 24, 1996 through

February 20, 1997).  The PCR was denied on August 28, 1998, and petitioner timely filed

for supervisory writs in the Louisiana Fourth Circuit.  That court denied relief on November

13, 1998.  Petitioner did not seek relief in the Louisiana Supreme Court. He then allowed

---

[23] Title 28, United States Code, Section 2244(d)(2) allows for the tolling of this one year
limitations period during the time when a properly filed post-conviction matter or other collateral
review matter is proceeding in the state courts.

approximately five (5) years and four (4) days to pass before filing his second PCR in the state trial court on December 18, 2003.  By that time, all of petitioner's grace period had elapsed thus rendering his federal petition untimely. Therefore, unless Miller's claim falls under one of the exceptions to the general limitations rule as set forth in Section 2244(d)(1)(B)-(D), Miller's federal habeas application would be time-barred.

Since Miller's petition is premised on the decision in **Dilosa**, 848 So.2d 546, a case decided on June 27, 2003, he potentially could argue that his habeas application falls under the exception set forth in Section 2244(d)(1)(C) as his claim relies upon a "new rule of law".  Specifically, Section 2244(d)(1)(C) provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . .

If Miller could prove that his case fell under this exception, he would be given one year from the time when the new law was recognized to file a federal habeas petition. Assuming, *arguendo*, that the **Dilosa** decision was a "new rule of law",  Miller would have one year after that decision was rendered, or until June 27, 2004, to file either his federal petition or a state post-conviction application sufficient to toll the limitations period. Miller filed a state post-conviction application on December 18, 2003, allowing a lapse of 173 days

of his one year limitations to expire. The application remained pending until the Louisiana

Fourth Circuit  denied relief on March 30, 2004.[24]   Miller then waited until May 26, 2004,

before filing an application for relief in the Louisiana Supreme Court under No. 04-KH-

1244.[25]  The Louisiana Supreme Court subsequently denied relief on April 1, 2005.  At this

point in time, the limitations period commenced running once again and ran until petitioner

filed his federal application for post conviction relief on May 23, 2005, thereby allowing an

additional lapse of  51 days against his one year limitation for a total lapse of 224 days.

Therefore, if the **Dilosa** decision extends Miller's federal limitations period to one year after

the decision was rendered, Miller would be timely in filing his federal petition.

        However, the court finds that the **Dilosa** decision could not extend Miller's

federal limitations period.  In **Dilosa,** the Louisiana Supreme Court held that Louisiana laws

which established a unique method for the selection of the grand jury venire and foreperson

in Orleans Parish violated  La. Const. art. III, § 12(A), which prohibits the passage of local

laws concerning criminal actions.[26]  **Dilosa** was thus based on the *Louisiana Supreme Court's*

---

[24]See State Record, Vol. 3, for copy of ruling.  **State v. Miller,** No. 2004-K-0219 (La.
App. 4th Cir. March 30, 2004).

[25]It is possible that this application was untimely filed as it was not stamped as filed until
May 26, 2004.  However, in light of the absence of evidence of a post-mark or a signature date
on petitioner's application, the court gives the benefit of doubt to petitioner and assumes that the
application was timely filed.

[26]The provisions struck down by this court in **Dilosa** gave judges in Orleans Parish, and
only in Orleans Parish, the unique authority to select all of the grand jurors from the grand jury
venire, as opposed to the system of random selection from the venire prevailing elsewhere in the

finding that certain articles of the Louisiana Code of Criminal Procedure violated the *state* constitution, which is of no moment in a federal proceeding.  Section 2244(d)(1)(C) requires that a habeas petitioner make a two-prong showing: 1) that the constitutional right asserted has been newly recognized by the *U.S. Supreme Court*; and, 2) that the U.S. Supreme Court had made the right *retroactively applicable* to cases on collateral review (emphasis added). Miller has made neither showing.  The **Dilosa** decision is neither a change of law set forth by the U.S. Supreme Court nor has it been made retroactive by the U.S. Supreme Court. Therefore, Miller cannot establish that his case falls under the purview of the exception set forth in 28 U.S.C.§2244(d)(1)(C).[27]

Moreover, Miller's claim, based upon **Dilosa,** lacks merit.  Federal habeas corpus relief may be granted only to remedy violations of the U.S. Constitution and laws of the United States; mere violations of state law will not suffice.  28 U.S.C. §2254; **Engle v. Isaac,** 456 U.S. 107, 119 (1983).  See **Davis v. Jones,** 2006 WL 1540114 (E.D. La. May 31, 2006)(Berrigan, J.)(holding that **Dilosa** "did not announce a new constitutional right under the United States Constitution.  Rather . . . a *state* supreme court applied a pre-existing *state* constitutional right to invalidate a state law". The court therefore denied habeas relief.)

---

State of Louisiana for selection of all of the grand jurors with the exception of the foreperson. **Dilosa,** 848 So.2d at 550.

[27]Nor does petitioner assert a basis for finding the limitations period to be equitably tolled.  **See Davis v. Johnson**, 158 F.3d 806, 810 (5th Cir. 1998), **cert. denied**, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999).

Petitioner Roland Miller fails to establish that he is entitled to federal habeas relief on the basis of **State v. DiLosa,** 848 So.2d 546 (La. 2003).   Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the petition of Roland Miller for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** with prejudice as untimely. Alternatively, the petition should be **DENIED** on the merits.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n,** 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 23rd day of January, 2007.


_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE