UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROLAND MILLER** | * | CIVIL ACTION |
| **VERSUS** | * | NO. 05-1963 |
| **BURL CAIN, WARDEN** | * | SECTION "B"(6) |

### ORDER AND REASONS

For the following reasons, **IT IS ORDERED**[1] that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, is **DENIED.**

There is no dispute by petitioner to the background laid out in the Magistrate Judge's Report and Recommendation. Therefore, the court will adopt the procedural/factual background set forth in said report.

Petitioner contends that his indictment and conviction are unlawful because the statutes La. C. Cr. P. Article 412 and LSA-R.S. 15:114 were declared unconstitutional in their entirety, and LA. C. Cr. P. Article 413 and 414 in part by the Louisiana Supreme Court. Petitioner contends he is retroactively due relief under 28. U.S.C.§ 2244(d)(1)(C). The state contends the petition is untimely. According to the Magistrate Judge's report and recommendation calculation of timeliness petitioner filed his petition untimely. Petitioner would have filed in a timely fashion; however, because the right being asserted can not be applied retroactively the writ

---

[1] We are grateful for the work on this case by Matthew McLaren, a Loyola Law School extern with our Chambers.

is untimely.  Petitioner does not dispute the Magistrate's determination of timeliness in this matter. Therefore, this court will adopt the timeliness determination set forth in the report and recommendation.

Under 28 U.S.C. 2244(d)(1)(C), the statute of limitations is extended for instances when the Supreme Court recognizes a constitutional right and made retroactively applicable to cases on collateral review. Petitioner, however, fails to present a federal constitutional right that has been made retroactively applicable. Petitioner's conviction is final and, based on the record and law, the Magistrate Judge correctly calculated when the conviction became final. Petitioner asserts a right which is guaranteed by the state and is not required by the United States Constitution. Case law shows that the rule under which petitioner seeks relief is not one which would fall within the retroactive category. See *Hurtado v. California*, 110 U.S. 516 (1884), *Teague v. Lane,* 489 U.S. 288 (1989),*Engle v. Issac,* 456 U.S. 107, 119 (1983), *Barrientes v. Johnson*, 221 F.3d 741 (5th Cir. 2000) (quoting *Fisher v. Texas,* 169 F.3d 295, 305 (5th Cir. 1999).

In *Teague v. Lane* the Supreme Court held that the extension of a fair cross section petit jury requirement was not a constitutional rule that should be applied retroactively. *Teague,* 489 U.S. 288 (1989). Petitioner argues the holding of *State v. Dilosa* which creates a requirment of a fair cross section for grand

juries should be applied retroactively. Grand juries have not been found to be required by the Fourteenth Amendment. See *Hurtado v. California,* 110 U.S. 516 (1884).

> In determining whether a state prisoner is entitled to habeas relief [for procedural violations], a federal court should apply *Teague*, [489 U.S. 288] by proceeding in three steps. First, we must determine when the conviction became final for *Teague's* purposes. Second, we must survey the legal landscape as it then existed and determine whether a state court considering the defendant's claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution. Third, if we determine that the defendant seeks the benefit of a new rule, we must consider whether that rule falls within one of the two narrow exceptions to the non-retroactivity rule. *Barrientes v. Johnson*, 221 F.3d 741 (5th Cir. 2000) (quoting *Fisher v. Texas,* 169 F.3d 295, 305 (5th Cir. 1999). [parentheses and citation added]

The Fifth Amendment requirement of a grand jury is not binding on the states. *Hurtado v. California,* 110 U.S. 516 (1884). "Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane,* 489 U.S. 288, 310 (1989). *State v. Dilosa* addresses an issue pertaining to Louisiana constitutional law and does not raise a federal constitutional issue. Mere violations of state law are not enough to grant federal habeas corpus relief. *Engle v. Issac,* 456 U.S. 107, 119 (1983). *Davis v. Jones,* 2006 WL 1540114 (E.D. La. May 31, 2006) held *Dilosa* did not announce a new constitutional right under the United States Constitution; rather it applied a pre-existing constitutional right

3

to invalidate a state law. "A case announces a new rule when it breaks ground or imposes a new obligation on the States or Federal Government." *Peterson v. Cain,* 302 F.3d 508, 511 (5th Cir. 2002). Petitioner is not in custody in violation of the constitution or the laws of the United States and therefore cannot obtain federal relief.

    Petitioner fails to assert a violation of a constitutional right which can be applied retroactively. As a result his petition was filed in an untimely fashion.

    New Orleans, Louisiana, this 30th day of July, 2007.

                                           Ivan L.R. Lemelle
                                  United States District Judge